IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHARING SERVICES GLOBAL CORPORATION, f/k/a SHARING SERVICES, INC., § § § § | | |
| Plaintiff, § | | |
| v. § | Case No. _____ | |
| TAYLOR MADE ENTERPRISES, INC., § § | JURY DEMANDED | |
| Defendant. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Sharing Services Global Corporation, f/k/a Sharing Services, Inc. files its Original Complaint against Defendant Taylor Made Enterprises, Inc., as follows:

**Introduction**

1. Plaintiff Sharing Services Global Corporation, f/k/a Sharing Services, Inc. ("SHRG") is the owner of ElevatePink™, a trademark pending federal registration (the "Mark"). Defendant Taylor Made Enterprises, Inc. ("TME") has wrongfully claimed ownership of the Mark. SHRG brings this action against Defendant TME for trademark infringement and unfair competition under federal, state and common law.

**Parties and Venue**

2. SHRG is a Nevada corporation with its principal office in Plano, Collin County, Texas. SHRG is a citizen of the States of Nevada and Texas.

3. Defendant TME is a Texas corporation with its principal office in Prosper, Collin County, Texas. Defendant TME is a citizen of the State of Texas.

4. This Court has original jurisdiction over this proceeding pursuant to Title 15 United States Code Section 1121 and Title 28 United States Code Section 1338 because it concerns a Lanham Act claim and a trademark. This Court has supplemental jurisdiction over any state law claims pursuant to Title 28 United States Code Section 1367.

5. Venue is proper in this Court pursuant to Title 28 United States Code Section 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas.

### Factual Allegations

6. Defendant TME and its principals, Larry Thompson and Sonya "Taylor" Thompson were parties to a "Sharing Services Contractor Agreement" with SHRG effective from August 1, 2018 until November 30, 2018 (the "Agreement"). While providing services under the Agreement, Defendant TME, Larry Thompson and Taylor Thompson worked on various projects involving two of SHRG's subsidiaries, Elepreneur, LLC ("Elepreneur") and Elevacity Global, LLC.

7. Among other provisions, Section 4 of the Agreement provided that:

> *All work or services provided by [Defendant TME, Larry Thompson and Sonya Thompson] under this Agreement will be deemed to be "work made for hire" and owned exclusively by [SHRG].*

8. Section 4 further provided:

> *To the extent that [Defendant TME, Larry Thompson and Sonya Thompson's] Work is not properly characterized as "work made for hire," [Defendant TME, Larry Thompson and Sonya Thompson] hereby irrevocably grant[s] to [SHRG] all right, title and interest in and to [Defendant TME, Larry Thompson and Sonya Thompson] Work (including but not limited to the copyright therein), and any and all ideas and information embodied therein, in perpetuity and throughout the world.*

9. Approximately eighty percent (80%) of Elepreneur's participants (commonly known as Distributors) are women.

10. On September 11, 2018, Taylor Thompson, in accordance with her duties in the Agreement, conducted a focus group meeting at the Elepreneur offices (which are the offices of the Elepreneur's parent, SHRG) with several female Distributors of Elepreneur to discuss various aspects of a health and wellness program designed to enrich, empower and edify women, both on a personal basis and from a business perspective (the "Empowerment Program").

11. During the September 11, 2018 focus meeting, the participants (who were all either Distributors, employees, or contractors of Elepreneur or its parent company, SHRG), discussed and developed the phrase "ElevatePink" to describe the Empowerment Program.

12. Defendant TME did not create the "ElevatePink" mark. ElevatePink was the result of a brain storming session that occurred at an Elepreneur focus group (which took place at the direction of Elepreneur management and at the offices of Elepreneur and its parent company, SHRG).

13. Even if the ElevatePink mark was created by Defendant TME, it is undisputed that the focus group meeting occurred during the term of the Agreement when Defendant TME's work product was deemed to be both: (i) a "work made for hire" and (ii) irrevocably granted to SHRG.

14. SHRG has regularly and continuously used the Mark in commerce since its creation, and the Mark has become a famous and distinctive mark associated with SHRG.

15. On February 18, 2019, without seeking the permission of SHRG or notifying SHRG, Defendant TME filed two trademark applications with the United States Patent and Trademark Office ("USPTO"). One of the applications was for the word mark "ELEVATEPINK," and the other application was for the word mark "#ELEVATEPINK." Both applications were filed by Defendant TME on a Section 1(b) basis pursuant to 15 U.S.C. Section 1051(b), which is an application filed with the USPTO, declaring an intent to use that Mark in commerce.

## Violations of Section 43(a) of the Lanham Act

16. SHRG repeats and realleges the allegations in paragraphs 1 through 15, inclusive, as if set forth herein in full.

17. Defendant TME has violated Section 43(a) of the Lanham Act, Title 15 United States Code Section 1125(a), *et seq.*

18. Defendant TME's conduct described above constitutes: (a) a false designation of origin, (b) a false or misleading description of fact, or (c) a false or misleading representation of fact which (i) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant TME with SHRG, or as to the origin, sponsorship, or approval of Defendant TME's goods, services or commercial activities by SHRG, or (ii) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities of Defendant TME's goods, services or commercial activities.

19. Defendant TME's use or intent to use the Mark causes dilution of the distinctive quality of the Mark. Defendant TME willfully intended to trade on SHRG's reputation and to cause confusion as to the source and ownership of this famous Mark.

20. As a result of Defendant TME's knowing, intentional and willful violations of the Lanham Act, SHRG is entitled to actual damages, including those damages described in Title 15 United States Code Section 1117, and the destruction of all infringing materials pursuant to Title 15 United State Code Section 1118.

## Unfair Competition – Section 16.103 of the Texas Business & Commerce Code

21. SHRG repeats and realleges the allegations in paragraphs 1 through 15, inclusive, as if set forth herein in full.

22. Defendant TME has violated the Texas statutory trademark law, Texas Business & Commerce Code Section 16.001, *et seq.*

23. SHRG's Mark is famous and distinctive. Defendant TME's use or intent to use the Mark causes dilution of the distinctive quality of the famous and distinctive Mark.

24. As a result of Defendant TME's knowing, intentional and willful intention to dilute SHRG's famous and distinctive Mark, SHRG is entitled to damages pursuant to Section 16.103 of the Texas Business & Commerce Code.

### Common Law Trademark Infringement and Misappropriation

25. SHRG repeats and realleges the allegations in paragraphs 1 through 15, inclusive, as if set forth herein in full.

26. Defendant TME's use or intent to use the Mark constitutes common-law trademark infringement and misappropriation of the goodwill and affiliation of the Mark with SHRG.

27. As a result of Defendant TME's trademark infringement and misappropriation, SHRG is entitled to actual damages.

### Declaratory Judgment

28. SHRG repeats and realleges the allegations in paragraphs 1 through 15, inclusive, as if set forth herein in full.

29. Pursuant to Title 28 United States Code Section 2201 and other applicable law, SHRG seeks a declaration from this Court that it is the owner of the Mark and that Defendant TME has no right, title, interest or other claim to the Mark, or any confusingly similar mark or variation thereof.

### Exemplary Damages

30. SHRG repeats and realleges the allegations in paragraphs 1 through 29, inclusive, as if set forth herein in full.

31. Defendant TME acted willfully, with fraud and malice toward SHRG entitling SHRG to exemplary damages as provided by Chapter 41 of the Texas Civil Practice & Remedies

Code.

## Permanent Injunction

32.     SHRG repeats and realleges the allegations in paragraphs 1 through 31, inclusive, as if set forth herein in full.

33.     Unless enjoined, Defendant TME will continue to misrepresent to and mislead the public about the ownership of the Mark, and that its goods, services or commercial activities are approved by SHRG.  Defendant TME's actions violate the Lanham Act, Texas statutory law and common law.

34.     Defendant TME's actions entitle SHRG to a permanent injunction enjoining Defendant TME, its officers, agents, servants, representatives, employees and all those persons in active concert or participation with them, including without limitation, Larry Thompson and Taylor Thompson, from:

(A)     Using "ELEVATEPINK," "#ELEVATEPINK" or any confusingly similar mark or variation thereof, alone or in combination with other words as a trademark, service mark, corporate name, trade name, hashtag, domain name, or component of a domain name in advertising or to otherwise market any product, goods or service of Defendant TME; and

(B)     Representing that Defendant TME's products, goods or services are in any way affiliated with, sponsored by, associated with or approved by SHRG.

35.     As a result of Defendant TME's actions, SHRG has no adequate remedy at law. The benefit to SHRG of such relief far outweighs any harm to Defendant TME and the public policy interests favoring the protection of trademarks and legitimate business interests favors issuance of the injunctive relief requested.  A permanent injunction will not disserve the public interests.  Accordingly, SHRG is entitled to permanent injunctive relief.

## Attorneys' Fees

36.     SHRG repeats and realleges the allegations in paragraphs 1 through 35, inclusive, as if set forth herein in full.

37.     SHRG has hired the law firm of Jones, Davis & Jackson, P.C. to represent it in this matter and has agreed to pay such attorneys a reasonable and necessary fee for their services. Pursuant to Title 15 United States Code Section 1117(a), Sections 16.102(d) and 16.103 of the Texas Business & Commerce Code, and other applicable law, SHRG is entitled to recover from Defendant TME its reasonable and necessary attorneys' fees.

## Jury Demanded

38.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, SHRG demands a trial by jury of its claims against Defendant TME.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Sharing Services Global Corporation, f/k/a Sharing Services, Inc. prays that Defendant Taylor Made Enterprises, Inc. be summoned to appear and answer herein and that upon final hearing, Plaintiff have judgment against Defendant, as follows

1.     for actual, consequential, incidental and exemplary damages;

2.     for destruction of any infringing articles;

3.     for a declaration that seeks a declaration it is the owner of the Elevate Pink mark and that Defendant TME has no right, title, interest or other claim to the Elevate Pink mark, or any confusingly similar mark or variation thereof;

4.     for a permanent injunction enjoining Defendant, its officers, agents, servants, representatives, employees and all those persons in active concert or participation with them, including without limitation, Larry Thompson and Taylor Thompson, from:  (a) using "ELEVATEPINK," "#ELEVATEPINK" or any confusingly similar mark or variation thereof, alone or in combination with other words as a trademark, service mark, corporate name, trade name, hashtag, domain name, or component of a domain name in advertising or to otherwise market any product, goods or service of Defendant, and (b) representing that Defendant's products, goods or services are in any way affiliated with, sponsored by, associated with or approved by Plaintiff;

5. for prejudgment interest, if applicable, at the highest lawful rate;

6. for reasonable and necessary attorneys' fees;

7. for costs of court;

8. for post-judgment interest on the above sums at the highest lawful rate; and

9. for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

_____/s/ Matthew K. Davis_____
Matthew K. Davis
State Bar No. 05526000
E-mail: mdavis@jonesdavis.com
Wendy D. Dawer
State Bar No. 24036451
E-mail: wdawer@jonesdavis.com

JONES, DAVIS & JACKSON, P.C.
15110 Dallas Parkway, Suite 300
Dallas, Texas 75248
Telephone:	(972) 733-3117
Fax:		(972) 733-3119

ATTORNEYS FOR PLAINTIFF

E:\GV\N\Sharing_Services\Thompson\Trademark\Complaint_E20.docx